**CHI QIOU SUN, Petitioner,**

v.

**Peter D. KEISLER, Acting U.S. Attorney General [1], Respondent.**

No. 07–0459–ag.

United States Court of Appeals, Second Circuit.

Nov. 5, 2007.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Pe- ter D. Keisler is automatically substituted for

Thomas V. Massucci, New York, NY, for Petitioner.

Peter D. Keisler, Asst. Atty. General, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., pro se.

M. Jocelyn Lopez Wright, Asst. Director, Andrew B. Insenga, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. SONIA SOTOMAYOR and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Petitioner Chi Qiou Sun, a citizen of China, seeks review of a January 16, 2007 order of the BIA affirming the August 24, 2005 decision of Immigration Judge ("IJ") Joanna M. Bukszpan denying Sun's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sun*, No. A 77 997 792 (B.I.A. Jan. 16, 2007), *aff'g* No. A 77 997 792 (Immig. Ct. N.Y. City Aug. 24, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, this Court can consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect the Court's ultimate conclusion, which it does not here. *Jigme Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir.2006). This Court reviews the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7

former Attorney General Alberto R. Gonzales as a respondent in this case.

(2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007) (en banc).

As an initial matter, petitioners must have raised to the BIA the specific issues they later seek to raise in this Court. *See Foster v. INS,* 376 F.3d 75, 78 (2d Cir. 2004). While not jurisdictional, this judicially imposed exhaustion requirement is mandatory. *Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 119–20 (2d Cir.2007). At Sun's hearing the IJ specifically asked, "[W]hat is the theory of your claim?" to which Sun's counsel replied that his claim was based only on his father's practice of Falun Gong; he did not assert the claim he now seeks to present on appeal—that China engaged in a pattern or practice of persecuting Falun Gong practitioners. The regulations make clear that a pattern and practice claim is a distinct basis for relief from that based on an individual risk of persecution. *See* 8 C.F.R. § 1208.13(b)(2); *Steevenez v. Gonzales,* 476 F.3d 114, 117–18 (2d Cir.2007). The Government has raised this failure to exhaust in its brief to this Court, and we therefore decline to consider Sun's pattern or practice claim asserted before us. *See Lin Zhong,* 480 F.3d at 115.

 Substantial evidence supports the IJ's finding that Sun did not suffer past persecution because the IJ accurately observed that Sun was never arrested, threatened, or otherwise mistreated. *See Zhou Yun Zhang,* 386 F.3d at 73 & n. 7; *Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 341 (2d Cir.2006). We are similarly unable to find that the agency erred in concluding that Sun did not establish a well-founded fear of future persecution. The agency acknowledged that Sun's father had been arrested for practicing Falun Gong, *cf. Poradisova v. Gonzales,* 420 F.3d 70, 80 (2d Cir.2005), but reasonably found that Sun's fear was speculative where nothing in the record indicated he, individually, was threatened with persecution. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005) (finding that a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best"). Additionally, the agency accurately found that the background materials do not indicate that the Chinese government persecutes family members of Falun Gong practitioners.

Therefore, the IJ properly denied Sun's application for asylum where he did not establish a well-founded fear of persecution. Because Sun was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

Sun did not sufficiently challenge the IJ's denial of CAT relief in his brief to this Court. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir.2005) (finding that a petitioner abandoned a claim where the petitioner "devotes only a single conclusory sentence to the argument"). As such, we deem that claim abandoned. *Id.*

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).